IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| KELCY L. WARREN,<br><br>    Plaintiff,<br><br>v.<br><br>BOOZ ALLEN HAMILTON, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 24-cv-01252-LKG<br>)<br>)  Dated:  February 21, 2025<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION**

**I.    INTRODUCTION**

In this civil action, the Plaintiff, Kelcy L. Warren, brings claims pursuant to 26 U.S.C. §§ 6103 and 7431, and Maryland tort law, against the Defendant, Booz Allen Hamilton, Inc. ("Booz Allen"), arising from the unauthorized disclosure and publication of his tax returns and tax return information. *See generally* ECF No. 32. Booz Allen has moved to dismiss the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 36-1. The motion is fully briefed. ECF Nos. 32, 36-1 and 40. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court: (1) **GRANTS-in-PART** and **DENIES-in-PART** the Defendant's motion to dismiss; and (2) **DISMISSES** the Plaintiff's negligent supervision claim in Count II of the amended complaint.

**II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

    **A.    Factual Background**

In this civil action, the Plaintiff, Kelcy L. Warren, brings claims pursuant to 26 U.S.C. §§ 6103 and 7431, and Maryland tort law, against the Defendant, Booz Allen, arising from the unauthorized disclosure and publication of his tax returns. *See generally* ECF No. 32. Specifically, the Plaintiff asserts the following three claims in the amended complaint: (1)

---

[1] The facts recited in this memorandum opinion are derived from the amended complaint, the Defendant's motion to dismiss and the memorandum in support thereof, and the Plaintiff's response in opposition thereto. ECF Nos. 32, 36, 36-1 and 40.

violation of 26 U.S.C. §§ 6103 and 7431 (Count I); (2) negligent supervision (Count II); and (3) invasion of privacy (Count III). *Id*. As relief, Mr. Warren seeks, among other things, certain declaratory relief and to recover monetary damages, attorneys' fees and costs from the Defendant. *Id*. at Prayer for Relief.

### The Parties

Plaintiff Kelcy L. Warren is the founder and Executive Chairman of Energy Transfer LP. *Id*. at ¶ 14.

Defendant Booz Allen is a Delaware limited liability company that contracts with the United States Government to provide services to the Internal Revenue Service ("IRS"), with its principal place of business located in McLean, Virginia. *Id*. at ¶ 15.

### Background

Booz Allen is a government contractor that provides services to the IRS. *Id*. at ¶ 15. Between 2018 and 2021, a former employee of Booz Allen, Charles Littlejohn, stole tax information relating to Mr. Warren and several other individuals from an IRS database and disclosed some of this information to media outlets, including ProPublica and The New York Times. *Id*. at ¶¶ 4-8. In December 2021, ProPublica published an article based on Mr. Warren's tax information. *Id*. at ¶ 5.

In 2023, Mr. Littlejohn was criminally prosecuted in the District of Columbia for disclosing the tax return information of several individuals, including Mr. Warren. *Id*. at ¶ 9; ECF No. 36-5. In that criminal proceeding, Mr. Littlejohn pleaded guilty to the unlawful disclosure of confidential tax return information, and his plea agreement describes the steps that he undertook to circumvent Booz Allen's security protocols and gain access to this sensitive information. ECF No. 32 at ¶ 9; ECF No. 36-5. In 2024, Mr. Littlejohn was sentenced to five years' imprisonment for these crimes. *See United States v. Littlejohn*, No. 1:23-cr-343 (D.D.C. Jan. 31, 2024), ECF No. 36-4.

### Mr. Warren's Allegations

In the amended complaint, Mr. Warren alleges that Mr. Littlejohn aimed to use "his access to IRS tax data to advance" his political and ideological agenda. *Id*. at ¶¶ 43 and 49. In this regard, Mr. Warren alleges that Mr. Littlejohn took elaborate steps and used "specialized technical skills" to evade the IRS controls and protocols that could detect and prevent large downloads or uploads from IRS systems and devices. *Id*. at ¶ 47. Mr. Warren also alleges that

2

Mr. Littlejohn evaded IRS controls and protocols by uploading the tax return information that he stole to a private website that he controlled. *Id*. at ¶ 47.

Mr. Warren contends that Booz Allen willfully allowed Mr. Littlejohn and other Booz Allen employees unrestricted and unmonitored access to IRS databases and systems. *Id*. at ¶ 3. Mr. Warren also contends that, as a result of Booz Allen's lax policies, Mr. Littlejohn was able to use his credentials to search for and download the tax returns and tax return information about thousands of the nation's wealthiest taxpayers, including Mr. Warren. *Id*. at ¶ 4.

With regards to his Section 7431 claim in Count I of the amended complaint, Mr. Warren alleges that Booze Allen is a "person . . . who has or had access to [his] returns or return information" within the meaning of 26 U.S.C. § 6103(n). *Id*. at ¶ 71. Mr. Warren also alleges that Booz Allen, both through its own actions and through its employee, Mr. Littlejohn, repeatedly violated 26 U.S.C. § 6103, by inspecting his confidential tax returns and return information and unlawfully disclosing that information to ProPublica. *Id*. at ¶ 79.

In this regard, Mr. Warren alleges that the inspections and disclosures of his tax information were made while willfully failing to establish appropriate administrative, technical and physical safeguards to ensure the security and confidentiality of this information and that Booz Allen made these unlawful inspections and disclosures knowingly, or at the very least, negligently or with gross negligence. *Id*. at ¶ 81. Mr. Warren also alleges the unlawful inspections and disclosures of his tax information were made within the scope of Mr. Littlejohn's employment at Booz Allen. *Id*. at ¶ 82. Lastly, Mr. Warren alleges that Booz Allen, both through its own actions and through Mr. Littlejohn, caused the disclosure of the confidential tax return information to ProPublica and The New York Times with the intent that these media outlets would widely publish the information through their websites, or through other means. *Id*. at ¶ 83.

With regards to Mr. Warren's negligent supervision claim in Count II of the amended complaint, Mr. Warren alleges that Booz Allen negligently supervised Mr. Littlejohn by allowing him access to unmasked taxpayer data through Booz Allen's computer network and connection to the IRS systems and databases. *Id*. at ¶ 91. In this regard, Mr. Warren alleges that Mr. Littlejohn was incompetent and capable of inflicting harm by using his access to confidential tax returns and tax return information to publicly disclose that information. *Id*. at ¶ 92. Specifically, Mr. Warren alleges that Mr. Littlejohn pursued employment at Booz Allen for

improper political purposes and to use his employment and data access credentials to breach IRS systems, misappropriate confidential taxpayer data of Mr. Warren and others and to provide this information to journalists for worldwide publication to humiliate high-net-worth taxpayers.  *Id*.

Mr. Warren also alleges that Booz Allen knew, or should have known, of Mr. Littlejohn's incompetence, and should have had knowledge of Mr. Littlejohn's conduct or general character, which would have caused a prudent employer under such these circumstances to take action.  *Id*. at ¶¶ 93 and 95.  And so, Mr. Warren alleges that Booz Allen caused him injury.  *Id*. at ¶ 103.

Lastly, in Count III of the complaint, Mr. Warren alleges that Booz Allen invaded his privacy through the disclosure and public release of his confidential tax information.  *Id*. at ¶¶ 107 and 108.  In this regard, Mr. Warren alleges that his taxpayer returns and return information are private facts, the disclosure of which are highly offensive to a reasonable person and are matters that are not of legitimate concern to the public.  *Id*. at ¶¶ 106-108.  In this regard, Mr. Warren alleges that Mr. Littlejohn was acting with an intent to benefit Booz Allen by disclosing this information.  *Id*. at ¶ 112.  Lastly, Mr. Warren alleges the public disclosure of his tax information proximately caused him injuries.  *Id*. at ¶ 115.

### B. Relevant Procedural History

Mr. Warren commenced this civil action on April 29, 2024, and he filed the amended the complaint on June 17, 2024.  ECF Nos. 1 and 32.  On June 28, 2024, Booz Allen's filed a motion to dismiss the amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof.  ECF Nos. 36 and 36-1.

Mr. Warren filed a response in opposition to Booz Allen's motion to dismiss on July 17, 2024.  ECF No. 39.  Booz Allen filed a reply brief on July 29, 2024.  ECF No. 40.

Booz Allen's motion to dismiss having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when

"the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the Plaintiff. *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. Of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

## B. Section 7431

Title 26, United States Code, Section 7431 allows a taxpayer to bring a civil action for damages against any "person" who is not an employee of the United States, and who "knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer," in violation of 26 U.S.C. § 6103.[2] *See* 26 U.S.C. § 7431(a)(2). The statute also provides that, "[n]otwithstanding any other provision of law," any claim for wrongful disclosure of tax information under section 7431(a) "may be brought . . . at any time within 2 years after the date of discovery by the plaintiff of the unauthorized inspection or disclosure." *Id*. at § 7431(d). A claim for wrongful disclosure of tax information accrues, and the limitations period begins to run, on the date when the Plaintiff discovers the unauthorized inspection or disclosure. *See Wood v. Virginia*, 155 F.3d 564 (Table), 1998 WL 414019, at *2 (4th Cir. 1998) (stating that the plaintiff's section 7431 claim accrued "when [he] was initially informed of the possibility that information from his confidential tax returns had been disclosed without his authority"). And so, a two-year statute of limitations applies to claims brought under Section 7431. *Id*.; *see also Aloe Vera of Am., Inc. v. United States*, 580 F.3d 867, 871-72 (9th Cir. 2009)

---

[2] Title 26, United States Code, Section 6103 forbids any person who has access to tax "return information" from disclosing the information without authorization. 26 U.S.C. § 6103.

5

("[T]he language of section 7431(d) shows that Congress intended the statute of limitations to be absolute."); *Bancroft Glob. Dev. v. United States*, 330 F. Supp. 3d 82, 91 (D.D.C. 2018) (citations omitted) (Section 7431(d) closes the period of exposure for claims against non-governmental actors, because the limitations period "applies both to suits against the United States when employees of the United States violate § 6103, and suits against non-employees when they violate § 6103").

In this regard, the Fourth Circuit has held that a plaintiff's claims accrue when the plaintiff knew or had reason to know of the injury that is the basis of the action. *Wood*, 1998 WL 414019, at *2. Given this, "such inquiry notice must be sufficient to prompt an objectively reasonable person to investigate further into the surrounding facts of the actionable injury." *Id*. While the accrual date of a cause of action is a factual inquiry typically reserved for a jury, the Court may resolve that inquiry if the facts presented provide a clear basis for such a determination. *Id*. Lastly, the Fourth Circuit has recognized that, in some circumstances, the limitations period may be equitably tolled once a cause of action has accrued. *Id*.

### C. Negligent Supervision And Respondeat Superior

To state a claim for negligent supervision under Maryland law, a plaintiff must allege facts to show: "(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the Plaintiff's injuries; and (5) the employer's negligence in hiring, supervising or retaining the employee as the proximate cause of plaintiff's injuries." *Mitchell v. Rite Aid of Md., Inc.*, 290 A.3d 1125, 1160 (Md. 2023). To be a proximate cause proximate cause for an injury, a plaintiff must allege facts to show a cause in fact and a legally cognizable cause. *Pittway Corp. v. Collins*, 973 A.2d 771, 786 (Md. 2009) (citation omitted). A plaintiff must also allege facts to show that it was foreseeable that the negligent act would cause the specific injury complained of in this case. *Perry v. Asphalt & Concrete Servs., Inc.*, 133 A.3d 1143, 1157 (Md. 2016) (quoting *Henley v. Prince George's Cnty.*, 503 A.2d 1333, 1340 (Md. 1986).

Under Maryland law, "[t]he doctrine of respondeat superior allows an employer to be held 'vicariously liable for the tortious conduct of an employee" when the "employee is acting within the scope of the employment relationship." *Sheets v. Chepko*, 573 A.2d 413, 414 (Md. Ct. Spec. App. 1990) (quoting *Dhanraj v. Potomac Elec. Power Co.*, 506 A.2d 224, 226 (Md.

1986)).  In this regard, Maryland courts have held that the employee's conduct "must have been in furtherance of the employer's business and authorized by the employer," to be within the scope of employment.  *S. Mgmt. Corp. v. Taha*, 836 A.2d 627, 638 (Md. 2003).  And so, Maryland courts have held that "where an employee's actions are personal, or where they represent a departure from the purpose of furthering the employer's business, or where the employee is acting to protect his own interests, even if during normal duty hours and at an authorized locality, the employee's actions are outside the scope of his employment."  *Sawyer v. Humphries*, 587 A.2d 467, 471 (Md. 1991); *see also Lins v. United States*, 847 F. App'x 159, 167 (4th Cir. 2021).

### D. Invasion of Privacy

Lastly, to state a claim for invasion of privacy under Maryland law, based upon publicity that unreasonably places another in a false light before the public, a plaintiff must allege facts to show that the matter disclosed was a private fact and the private fact was made public.  *See Furman v. Sheppard*, 744 A.2d 583, 588 (Md. 2000).  In this regard, Maryland courts have recognized that it is not an invasion of the right of privacy to communicate a fact concerning a plaintiff's private life to a single person, or to a small group of persons.  *Id*.  The public matter must also be one that is "offensive and objectionable to a reasonable man of ordinary sensibilities."  *Id*.  (quoting *Klipa v. Bd. of Educ. of Anne Arundel Cnty*., 460 A.2d 601, 608 (Md. Ct. Spec. App. 1983)).

### IV. ANALYSIS

Booz Allen has moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), upon the following grounds:  (1) Mr. Warren fails to state a claim under Section 7431, because, (a) his claim is time-barred, (b) there can be no cause of action against Booz Allen under Section 7431, and (c) Booz Allen cannot be held vicariously liable under that statute; (2) Mr. Warren fails to state a plausible negligent supervision claim under Maryland law; and (3) the Court should dismiss Mr. Warren's invasion of privacy claim, because Booz Allen did not invade his privacy.  ECF No. 36-1 at 7-29.  And so, Booz Allen requests that the Court dismiss the amended complaint.  *Id*. at 29.

Mr. Warren counters that the Court should not dismiss this his Section 7431 claim, because:  (1) he discovered the facts regarding the disclosure of his tax returns and tax return information within in two years of filing the complaint; (2) Section 7431 permits a suit against

7

the employer of an individual who discloses tax information; and (3) the amended complaint sufficiently alleges that Booz Allen is vicariously liable under Section 7431.  ECF No. 39 at 9-19.  Mr. Warren also argues that the Court should not dismiss his negligent supervision claim, because he alleges sufficient facts to show the elements of that claim.  *Id*. at 19-26.  Lastly, Mr. Warren argues that he states a plausible claim for invasion of privacy, because the amended complaint contains sufficient facts to show that Mr. Littlejohn acted within the scope of his employment with Booz Allen when he disclosed Mr. Warren's tax information.  *Id*. at 26-28.  And so, Mr. Warren requests that the Court deny Booz Allen's motion to dismiss.  *Id*. at 29.

For the reasons that follow, a careful reading of the amended complaint shows that Mr. Warren plausibly alleges facts to show that he discovered the disclosure of his tax information within two years of bringing this action.  The amended complaint also makes clear that Mr. Warren has alleged facts that, taken as true, plausibly show that Mr. Littlejohn acted within the scope of his employment when he disclosed Mr. Warren's tax information.

But the amended complaint also makes clear that Mr. Warren fails to state a plausible negligent supervision claim under Maryland law.  Lastly, the dismissal of Mr. Warren's invasion of privacy claim is unwarranted, because the amended complaint contains sufficient facts to show that Mr. Littlejohn acted within the scope of his employment when he disclosed Mr. Warren's tax information.  And so, the Court:  (1) GRANTS-in-PART and DENIES-in-PART Booz Allen's motion to dismiss; and (2) DISMISSES Mr. Warren's negligent supervision claim in Count II of the amended complaint.

**A. Mr. Warren States A Plausible Claim Under Section 7431**

As an initial matter, while this is a close question, the Court is satisfied that the amended complaint contains sufficient factually allegations to plausibly show that Mr. Warren's Section 7431 claim is timely.  Section 7431 allows a taxpayer to bring a civil action for damages against any "person" who is not an employee of the United States, and who "knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer," in violation of 26 U.S.C. § 6103.  *See* 26 U.S.C. § 7431(a)(2).  The statute provides that any claim for wrongful disclosure of tax information "may be brought . . . at any time within 2 years after the date of discovery by the plaintiff of the unauthorized inspection or disclosure."  *Id*. at § 7431(d).  And so, a two-year statute of limitations applies to claims brought under Section 7431.  *See Wood v. Virginia*, 155 F.3d 564 (Table), 1998 WL 414019, at *2 (4th Cir. 1998) (holding

8

two-year statute of limitations applies and that the plaintiff's Section 7431 claim accrued "when [he] was initially informed of the possibility that information from his confidential tax returns had been disclosed without his authority"); *see also Aloe Vera of Am., Inc. v. United States*, 580 F.3d 867, 871-72 (9th Cir. 2009) ("[T]he language of section 7431(d) shows that Congress intended the statute of limitations to be absolute"); *Bancroft Glob. Dev. v. United States*, 330 F. Supp. 3d 82, 91 (D.D.C. 2018) (citations omitted) (Section 7431(d) closes the period of exposure for claims against non-governmental actors, because the limitations period "applies both to suits against the United States when employees of the United States violate § 6103, and suits against non-employees when they violate § 6103").

In Count I of the amended complaint, Mr. Warren alleges a Section 7431 claim against Booz Allen arising from the unauthorized disclosure of his tax information in 2021. ECF No 32 at ¶¶70-88. In the amended complaint, Mr. Warren acknowledges that his tax information was disclosed in a December 7, 2021, article in Pro Publica, which summarized, among other things, his tax returns. *Id*. at ¶¶ 5-6. It is also undisputed that Mr. Warren filed the original complaint in this matter on April 29, 2024, which is more than two years after his tax information was published by Pro Publica. ECF No. 1. Given this, Booz Allen argues with some persuasion that Mr. Warren's Section 7431 claim is untimely, because it has been brought more than two years after the disclosure of his tax returns. ECF No. 36-1 at 7-10.

But Mr. Warren alleges in the amended complaint that this claim is timely, because he was not aware that Mr. Littlejohn was the source of the unauthorized disclosure of his tax information until September 29, 2023, when he learned about the criminal indictment returned against Mr. Littlejohn in the District of Columbia. ECF No. 32 at ¶ 56. Mr. Warren also alleges that, after becoming aware of these criminal charges, he diligently sought to identify the person responsible for the unauthorized disclosure of his tax information. *Id*. Given this, the amended complaint alleges facts that, taken as true, show that Mr. Warren's Section 7431 claim did not accrue until September 29, 2023, rendering this claim timely.

As the Fourth Circuit has held, this Court may resolve the issue of the accrual date of a cause of action at the motion to dismiss stage, if the facts presented provide a clear basis for such a determination. *Wood*, 1998 WL 414019 at *2. But in this case, there is a factual dispute about when Mr. Warren discovered the unauthorized inspection or disclosure of his tax returns that

cloud this issue. And so, the Court declines to dismiss Mr. Warren's Section 7431 claim as untimely at this stage of the litigation.[3]

Booz Allen's argument that the Court should dismiss this claim, because Mr. Warren cannot successfully bring a Section 7431 claim against it, based upon a vicarious liability theory, is also unconvincing. The question of whether Mr. Warren can ultimately prevail on this claim will largely depend upon whether he can establish that Mr. Littlejohn was acting within the scope of his employment when he disclosed Mr. Warren's tax information. Mr. Warren alleges in the amended complaint that Mr. Littlejohn was acting within the scope of his employment and that his actions benefitted Booz Allen. ECF No. 32 at ¶¶ 57 and 68. Booz Allen disagrees. ECF No. 36-1 at 16-19. But, take as true, the allegations in the amended complaint are sufficient for Mr. Allen to state a claim against Booz Allen under Section 7431. And so, the Court declines to dismiss Mr. Warren's Section 7431 claim and DENIES Booz Allen's motion to dismiss this claim.

### B. Mr. Warren Fails To State A Negligent Supervision Claim

Mr. Warren's negligent supervision claim is more problematic. To state a claim for negligent supervision under Maryland law, Mr. Warren must allege facts to show: "(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing Mr. Warren's injuries; and (5) the employer's negligence in hiring, supervising or retaining the employee as the proximate cause of plaintiff's injuries." *Mitchell v. Rite Aid of Md., Inc.*, 290 A.3d 1125, 1160 (Md. 2023). The Court agrees with Booz Allen that the complaint lacks sufficient facts to support the elements of this claim.

---

[3] The Court also reads the text of Section 7431 to allow Mr. Warren to bring his claim against Booz Allen. Section 7431 provides that:
> If any person who is not an officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against such person in a district court of the United States.

*See* 26 U.S.C. § 7431(a)(2). While the Court recognizes that the statute uses the word "person" to describe the party against whom a taxpayer may bring a civil action for damages under Section 7431, the Court does not read the plain language of this statute to preclude a claim brought against a corporation. *Id.*; *see also* 1 U.S.C. § 1 (the term person generally includes corporations).

10

Even accepting the factual allegations in the amended complaint as true, the amended complaint lacks facts to show that Mr. Littlejohn was incompetent. Notably, Mr. Warren alleges that Mr. Littlejohn was incompetent, because of his purported political views and his ability to access tax information in connection with his employment. ECF No. 32-1 at ¶ 92. But, the Court agrees with Booz Allen that Mr. Littlejohn's political views, and his ability to access tax return information, do not show incompetence and unsuitability as required to state a negligent supervision claim. ECF No. 36-1 at 20-21; *see, e.g., Evans v. Morsell*, 395 A.2d 480, 483 (Md. 1978) (drunkenness made railroad employee in competent).

The amended complaint also lacks facts to show that Booz Allen's alleged negligent supervision was the proximate cause of Mr. Warren's injuries, thereby failing to satisfy the fifth element of a negligent supervision claim. To show that Booz Allen's actions were the proximate cause of his injuries, Mr. Warren must allege facts to show a cause in fact and a legally cognizable cause. *Pittway Corp. v. Collins*, 973 A.2d 771, 786 (Md. 2009) (citation omitted). While Mr. Warren alleges in the amended complaint that Booz Allen failed to exercise diligence and reasonable care and to foresee that Mr. Littlejohn was capable of inflicting harm through the public disclosure of the private tax information, the Court agrees with Booz Allen that the amended complaint lacks facts to show that it was foreseeable that Mr. Littlejohn would seek employment with Booz Allen for the purpose of accessing and publicly disclosing tax information. ECF No. 32 at ¶¶ 93-95; *see also* ECF No. 36-1 at 21-23.

And so, for both of these reasons, the Court DISMISSES Mr. Warren's negligent supervision claim. Fed. R. Civ. P 12(b)(6).

### C. The Court Declines To Dismiss Mr. Warren's Invasion Of Privacy Claim

As a final matter, the dismissal of Mr. Warren's invasion of privacy claim is not warranted at this early stage of the litigation. To state a claim for invasion of privacy under Maryland law, based upon publicity that unreasonably places another in a false light before the public, Mr. Warren must allege facts to show that the matter disclosed in this case was a private fact and the private fact was made public. *See Furman v. Sheppard*, 744 A.2d 583, 588 (Md. 2000).

Booz Allen argues that the Court should dismiss Mr. Warren's invasion of privacy claim here, because Mr. Littlejohn, rather than Booz Allen, invaded Mr. Warren's privacy and Mr. Littlejohn's actions were not within the scope of his employment. ECF No. 36-1 at 27-29. But

as discussed above, Mr. Warren plausibly alleges facts to show that Mr. Littlejohn was acting within the scope of his employment, and to the benefit of Booz Allen, when he disclosed Mr. Warren's tax information.  *S. Mgmt. Corp. v. Taha*, 836 A.2d 627, 638 (Md. 2003) (an employee's conduct "must have been in furtherance of the employer's business and authorized by the employer" to be within the scope of employment).  The question of whether an employee acted within the scope of employment is also typically a question of fact for the jury.  *Lins v. United States*, 847 F. App'x 159, 167 (4th Cir. 2021).

Given this, Mr. Warren persuasively argues that the parties' factual dispute about whether Mr. Littlejohn's actions were within his scope of employment makes the dismissal of his invasion of privacy claim inappropriate.  And so, the Court also DENIES Booz Allen's motion to dismiss with regards to this claim.

### V.    CONCLUSION

In sum, a careful reading of the amended complaint shows that Mr. Warren plausibly alleges facts to show that he discovered the disclosure of his tax information within two years of bringing this action and that that Mr.  Littlejohn acted within the scope of his employment when he disclosed Mr. Warren's tax information. But the amended complaint also makes clear that Mr. Warren fails to state a plausible negligent supervision claim under Maryland law. And so, for the forgoing reasons, the Court:

1. **GRANTS-in-PART** and **DENIES-in-PART** the Defendant's motion to dismiss; and
2. **DISMISSES** the Plaintiff's negligent supervision claim in Count II of the complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge
