LAW OFFICES

## WILLIAMS & CONNOLLY LLP*

ROBERT A. VAN KIRK
(202) 434-5163
rvankirk@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
202.434.5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

January 9, 2026

<u>Via ECF</u>

The Honorable Lydia K. Griggsby
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Suite 400
Greenbelt, Maryland 20770

> **Re:**    ***Warren v. Booz Allen Hamilton Inc. – LKG-24-1252***
> **Notice of Intent To File Motion For Summary Judgment on Count I**

Dear Judge Griggsby:

On behalf of defendant Booz Allen Hamilton Inc. ("Booz Allen"), we write to respectfully request leave to file a motion for summary judgment on Count I in the above-referenced matter because the count is barred by the two-year statute of limitations period imposed by 26 U.S.C. § 7431(d). The motion will serve the purpose of narrowing and focusing this case.

Before discovery, at the motion to dismiss stage, this Court ruled that the timeliness of Court I was a "close question" because of a "factual dispute about when Plaintiff Kelsey Warren discovered the unauthorized inspection or disclosure of his tax returns." ECF 41 at 8–9.

As a result of targeted discovery, there is no longer any dispute regarding when Mr. Warren discovered the unauthorized inspection or disclosure of his private tax information. Mr. Warren produced documents and interrogatory responses establishing that he knew about the disclosure on or about December 2, 2021, which is more than two years before he filed suit on April 29, 2024. Accordingly, Count I can be resolved through a short, simple motion for summary judgment, leaving only Count III remaining.

### Background

Charles Littlejohn stole tax information relating to Mr. Warren from an IRS database, and disclosed portions of the information to ProPublica, which published that information in articles on December 7, 2021 and April 22, 2022. FAC ¶¶ 4–5, 8, 54. On April 29, 2024, Mr. Warren sued Booz Allen, alleging that it was vicariously liable for the disclosures and that Booz Allen had invaded Mr. Warren's privacy via Littlejohn's conduct. FAC ¶¶ 69, 110–13.

WILLIAMS & CONNOLLY LLP®

The Honorable Lydia K. Griggsby
January 9, 2026
Page 2

## The Discovery Rule Applies

Discovery has shown that on December 2, 2021, Mr. Warren's accountant received a voicemail from a reporter at ProPublica.  In the voicemail, the reporter explained: "we have this guy's [I]RS data" and that "I'm reaching out to you in the hopes that I can send questions through you to Mr. Warren regarding his taxes."  (Warren_000000032.)  Mr. Warren's Interrogatory responses confirm that a reporter called on that date to discuss a forthcoming "article exposing private tax information of certain Americans, including [Mr. Warren]."  (Warren Interrogatory Response 4).  Mr. Warren "identifie[d] December 2, 2021, as the approximate date on which he learned that his personal financial information was soon to be published by ProPublica."  (Warren Interrogatory Response 1, 2).  The article was published on December 7, 2021.

The statute of limitations for Count I runs from the moment Mr. Warren "was initially informed" about the unauthorized disclosure of his tax information, regardless of whether he knew the wrongdoer's identity.  *Wood v. Com.*, 155 F.3d 564, at *2 (4th Cir. 1998); *Aloe Vera of Am., Inc. v. United States*, 699 F.3d 1153, 1159 (9th Cir. 2012).  The statute of limitations for Count I (filed under 26 U.S.C. § 7431) expires "2 years after the **date of discovery** by the plaintiff of the unauthorized inspection or disclosure."  26 U.S.C. § 7431(d) (emphasis added).  Courts typically deploy the discovery rule for statutes that refer to "discovery" of the harm, which generally means "discovery that the plaintiff has been wrongly injured."  *Fid. Nat'l Title Ins. Co. of N.Y. v. Howard Sav. Bank*, 436 F.3d 836, 839 (7th Cir. 2006); *see also Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*, Ltd., 9 F.4th 247, 253 n.4 (5th Cir. 2021) ("Knowledge of the wrongdoer is not required to start the clock on the statute of limitations; knowledge of the injury alone suffices for the claim to accrue.").

## Application of The Discovery Rule

Mr. Warren's documents and interrogatory responses establish that he discovered his injury (the unauthorized disclosure) more than two years before filing his Complaint.  It is inconsequential under the discovery rule that Warren did not know the identity of the specific person who disclosed his tax information. *Brumbaugh v. Princeton Partners*, 985 F.2d 157, 162 (4th Cir. 1993) ("Commencement of a limitations period need not, however, await the dawn of complete awareness.").

Resolving Count I on the statute of limitation is particularly appropriate here because 26 U.S.C. § 7431(a)(1) allows plaintiffs to sue the United States and non-government individuals for the unauthorized disclosure of their tax information.  Indeed, another party in a similar situation to Mr. Warren did sue the United States within the two-year limitations period despite not knowing Mr. Littlejohn's identity.  *See* Complaint, *Griffin v. Internal Revenue Serv.*, No. 1:22-CV-24023 (S.D. Fla. Dec. 13, 2022).  In his interrogatory responses, Mr. Warren admitted that his own investigation concluded that "the leak must have happened after [his taxpayer] information was filed with the IRS."  (Warren Interrogatory Response 5.)  As a result, he had recourse to "bring a

WILLIAMS & CONNOLLY LLP*
The Honorable Lydia K. Griggsby
January 9, 2026
Page 3

civil action for damages against the United States in [this] district court" within the applicable statute of limitations period.  26 U.S.C. § 7431(a)(1).[1]

\* \* \*

Based upon the evidence obtained through targeted discovery, and in the interest of efficiency and streamlining this matter, we respectfully request leave to file a motion for summary judgment on Count I within one month of the Court granting this request.  Discovery can proceed as to Count III (invasion of privacy), and the parties can then determine whether a subsequent motion for summary judgment motion would be appropriate, subject to the Court's permission, or if it will be necessary to schedule a trial on that narrow count.

Respectfully submitted,

/s/ Robert A. Van Kirk

Robert A. Van Kirk

---

[1] Moreover, under section 7431(a)(2) Mr. Warren could have brought a John Doe suit, which the Fourth Circuit has allowed in analogous situations where a plaintiff knows he has been harmed, but not who harmed him, and where it is reasonable to believe that the named defendant knows the Doe's identity.  *See Schiff v. Kennedy*, 691 F.2d 196 (4th Cir. 1982).