# KIRKLAND & ELLIS LLP

1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
United States

Sarah E. McVay
To Call Writer Directly:
+1 202 389 5271
sarah.mcvay @kirkland.com

+1 202 389 5000

www.kirkland.com

Facsimile:
+1 202 389 5200

March 30, 2026

**Via ECF**
Hon. Gina L. Simms
United States Magistrate Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 355A
Greenbelt, MD 20770

> Re: *Kelcy Warren v. Booz Allen Hamilton, Inc.*, Civ. Action No. 24-1252; Live
> Discovery Disputes

Dear Judge Simms:

Pursuant to the Court's March 20, 2026 Paperless Order, Plaintiff Kelcy Warren ("Warren") provides the following summary of disputes that remain live for the Court's resolution. As detailed below, Defendant Booz Allen Hamilton, Inc. ("Booz Allen") has engaged in a pervasive pattern of discovery obstruction, failing to comply with its obligations in six critical respects:

(1) improperly limiting its custodial email searches to date to a single custodian, despite there being numerous other Booz Allen employees whose custodial files would clearly include responsive, highly-relevant documents and communications;

(2) restricting its document production to formal policies and procedures while excluding clearly responsive communications and related materials;

(3) unilaterally imposing a 2017 temporal limitation despite Warren's requests for relevant pre-2017 evidence of prior data security incidents;

(4) categorically refusing to search for or produce documents responsive to Request for Production ("RFP") Nos. 10 and 15 concerning prior data leaks and security safeguards;

(5) improperly withholding approximately 200 documents—which Booz Allen has admitted are relevant, responsive, and non-privileged documents—as a bargaining chip in collateral negotiations; and

## KIRKLAND & ELLIS LLP

Hon. Gina L. Simms
Page 2

(6) refusing to produce substantive communications with the Government regarding the data breach.[1]

The parties have met and conferred extensively regarding outstanding discovery issues but have been unable to reach agreement. Warren thus seeks to file an updated Motion to Compel.

### Background

This lawsuit arises from Booz Allen's repeated failure to safeguard highly sensitive tax information pursuant to government contracts through which Booz Allen and its employees gained access to IRS databases. Booz Allen, a self-described global leader in cybersecurity technology and consulting, operated under agreements with the Department of the Treasury and IRS, providing information technology, data processing, cybersecurity, and tax administration services. In connection with those services, Booz Allen's employees received access to unmasked, identifiable, and highly confidential tax return information. Despite the sensitive nature of this work, Booz Allen provided its employees unrestricted and unmonitored access to these databases and failed to implement proper safeguards to prevent the unauthorized review, download, and upload of that sensitive information. Predictably, Booz Allen's lack of oversight led to a massive theft of taxpayer data—including Warren's—beginning in 2018 (the "2018 Tax Leak").

In response to Booz Allen's tortious conduct, Warren brought this action and served three sets of discovery requests: the first in July 2025, a second in October 2025, and a third in January 2026. Nearly nine months have elapsed since Warren served his initial requests; yet Booz Allen has still failed to even *identify* its e-discovery search custodians. Instead, Booz Allen has limited its document universe to Charles Littlejohn's email account and cherry-picked company documents, refusing to produce entire categories of relevant and non-privileged material.

Booz Allen has described the 2018 Tax Leak as an "extreme violation of the statute," an "unprecedented leak involving thousands of individuals and businesses," and "unparalleled in the history of the [IRS]."[2] Yet its production tells a starkly different story: roughly 350 documents[3] relating to the company's investigation of this supposedly "unprecedented" data leak—raising serious concerns about the scope and sufficiency of Booz Allen's e-discovery process.

### Grounds for Updated Motion to Compel

---

[1]   Issues No. 5 and 6, though not separately addressed in ECF No. 59, have arisen during the course of the parties' discussions and negotiations regarding Warren's November 2025 Motion to Compel. Warren has notified Booz Allen that he would file an updated motion to compel to address these related issues.

[2]   Brief of Amicus Curiae Booz Allen Hamilton Inc. in Support of Appellee, *USA v. Littlejohn,* Circuit Case #24-3019 (D.C. Ct. App. July 14, 2025).

[3]   Booz Allen has identified and wrongly withheld on the basis of privilege over 200 documents, including documents from its entire purported internal investigation, and produced less than 150 documents relating to government correspondence on the issue.

# KIRKLAND & ELLIS LLP

Hon. Gina L. Simms
Page 3

Booz Allen's discovery responses are deficient in the following material respects, warranting an updated Motion to Compel.

*First*, Booz Allen has improperly limited its custodial email searches to date to a single custodian—Charles Littlejohn. Warren's requests appropriately necessitate a review of emails beyond Littlejohn's email account, particularly where Littlejohn is unlikely to have email correspondence responsive to several requests, such as those relating to Booz Allen's disciplinary actions of employees for disclosure of sensitive information; documents relating to Booz Allen's discovery, investigation, and remediation of the 2018 Tax Leak; and communications with news outlets that published information about such leaks. There are clearly many more Booz Allen custodians who possess relevant, responsive documents in these categories. Its supplemental privilege log identifies a non-exhaustive list of at least **66** custodians who were involved in the 2018 Tax Leak investigation alone.[4] But up until March 26, Booz Allen had flatly refused to search any other custodial files. In so doing, Booz Allen has breached its fundamental duties under the Federal Rules of Civil Procedure and the November 5, 2025 Stipulated Electronic Discovery Protocol (Dkt. 57), in which the parties are to attempt to "reach agreement on the scope of discovery as it relates to search parameters designed to locate relevant non-privileged information, including but not limited to data sources; . . . custodians; and search terms."

Last Thursday—with the threat of this Motion to Compel looming—Booz Allen indicated it would search the files of a mere three custodians in addition to Littlejohn's. These three custodians appear to be individuals who supervised Littlejohn. But this belated effort, which should have occurred months ago, hardly cures the problem. For instance, only two of these three individuals are among the 66 custodians identified in Booz Allen's privilege log as having relevant documents relating to its investigations.

As a result of Booz Allen's refusal to comply with its basic discovery obligations to search the custodial files of individuals reasonably likely to have documents responsive to Warren's RFPs, its production to date is woefully deficient. Other than emails to or from Littlejohn, it has produced zero internal emails regarding its prior data breaches, how its policies and data security safeguards are enforced, its supervision of Littlejohn, its discovery of the data breach, its investigation into the data breach, or its efforts to remediate the effects of the data breach—despite clear RFPs covering each of these relevant categories. To remedy this deficiency, the Court should order Booz Allen to identify and disclose the custodians that are reasonably likely to possess documents responsive to Warren's discovery requests and prepare, disclose, and run search queries across the electronic custodial files of those custodians to identify and produce all responsive documents.

---

[4]   As discussed in more detail below, the documents on the privilege log were not obtained via a review of these 66 individuals' custodial files. Instead, Booz Allen represented that they were documents a former employee had selected and put in a file he made of investigation-related documents.

# KIRKLAND & ELLIS LLP

Hon. Gina L. Simms
Page 4


*Second*, Booz Allen improperly seeks to limit its production to formal policies and procedures in response to requests that plainly seek other relevant documents, including training materials, presentations, correspondence relating to confidential information handling, enforcement mechanisms, and internal lobbying initiatives. This restrictive interpretation ignores the clear scope of Warren's requests and deprives him of essential evidence. Communications surrounding those policies, related training materials, implementation records, and compliance documentation are directly relevant to the central issue: whether Booz Allen maintained adequate safeguards to protect highly sensitive taxpayer information. Documents and communications discussing or evidencing how Booz Allen's policies were communicated, implemented, monitored, and enforced are essential to evaluating the adequacy of Booz Allen's data protection practices. Indeed, the custodial files of key Booz Allen custodians charged with such communications, implementation and monitoring are precisely ones that Booz Allen should have already identified, collected, and searched for responsive documents. While Booz Allen has vaguely indicated a willingness to discuss possible searches beyond formal policies, it has neither committed to a defined scope nor agreed to produce the responsive documents Warren has requested. Such indefinite assurances do not satisfy its discovery obligations.

*Third*, Booz Allen cannot unilaterally impose a temporal limitation beginning in 2017 when Warren's requests properly seek relevant pre-2017 discovery. Such evidence is not merely relevant—it is essential to Warren's ability to litigate his claims and rebut Booz Allen's defenses. Booz Allen's primary defense appears to be that it could not have anticipated the leak. Yet evidence of prior data security incidents, breaches, or near-misses would directly undermine this defense by establishing that Booz Allen was—or should have been—on notice of the risks inherent in its inadequate data protection practices. While Booz Allen has indicated a willingness to search Littlejohn's emails prior to 2017, it simultaneously claims not to have maintained those emails. Critically, Booz Allen has not clarified whether it retains other internal communications or documents from this period, including human resources records, managerial communications, incident reports, or other materials relating to data breaches or security concerns.

*Fourth*, Booz Allen categorically refuses to search for and produce documents responsive to RFP Nos. 10 and 15—requests that go to the heart of Warren's claims and Booz Allen's defenses. RFP No. 10 seeks communications related to prior data leaks and security breaches; RFP No. 15 seeks documents concerning Booz Allen's safeguards and security controls—information that will likely prove Booz Allen could have anticipated or prevented the 2018 Tax Leak. These RFPs were served eight months ago, yet Booz Allen has produced ***nothing*** in response. This delay has severely prejudiced Warren's ability to develop his case, retain and prepare experts, and engage meaningfully in discovery and case evaluation.

*Fifth*, Booz Allen is improperly withholding approximately 200 documents on the basis of privilege that it has previously admitted are relevant, responsive, and non-privileged. By Booz Allen's own characterization, these documents "reflect ***facts*** rather than privileged

## KIRKLAND & ELLIS LLP

Hon. Gina L. Simms
Page 5

communications."[5] Nevertheless, Booz Allen refuses to produce these non-privileged documents solely because Warren declined to agree to a one-sided non-waiver agreement. This position is untenable as a matter of law. The attorney-client privilege protects communications, not underlying facts. *See Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) ("The [attorney-client] privilege . . . does not protect disclosure of the underlying facts by those who communicated with the attorney . . . ."). And this privilege cannot, and should not, be misused and abused to avoid the disclosure of otherwise discoverable evidence.  Put simply, Booz Allen may not withhold—on the basis of privilege—these 200 documents it has concluded are not privileged.

*Sixth*, Booz Allen refuses to produce documents responsive to Warren's RFP No. 24, which seeks information exchanged between Booz Allen and the Government regarding Littlejohn's conduct and the resulting data leak. Booz Allen's justification—that the request is "duplicative" of other requests to which it has "already agreed to produce relevant communications"[6]—is belied by the facts: Booz Allen has produced fewer than 150 documents purportedly responsive to requests for government communications, and these are almost entirely non-substantive scheduling correspondence. Communications between Booz Allen and the Government regarding what Booz Allen itself has characterized as an "unprecedented" and "unparalleled" breach are highly relevant to refuting its defense that it could not have prevented the leak. Booz Allen must collect, review, and produce responsive documents (including internal communications discussing government communications) from the custodial files of key custodians likely to possess them.

Booz Allen's pattern of delay, obstruction, and non-compliance is causing severe and ongoing prejudice to Warren. For nine months, Booz Allen has failed to identify custodians, conduct adequate searches, or produce core categories of responsive documents. This stonewalling has materially impaired Warren's ability to develop his claims, retain and prepare expert witnesses, and engage meaningfully in the parties' scheduled settlement conference. Warren respectfully requests that the Court compel Booz Allen to immediately and fully comply with its discovery obligations.

### Proposed Next Steps

Warren respectfully requests authorization to file a motion to compel encompassing all the above outstanding discovery disputes. Warren proposes the following briefing schedule: Booz Allen files its response 14 days from Warren's filing; Warren files his reply 14 days thereafter, consistent with Local Rule 105(2)(a).

Sincerely,  */s/ Sarah E. McVay*

Sarah E. McVay

---

[5]    Exhibit 1, 2026.02.11 Email from S. Cady re Booz Allen Privilege Log at 1 (emphasis added).
[6]    Exhibit 2, Defendant Booz Allen's Response to RFP 24 at 2.